UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA

           -v.-                                ORDER

JOSHUA JENKINS,                        11-CR-629-7 (CS)

                     Defendant.
------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant Joshua Jenkins's motion for reduction of sentence under

18 U.S.C. § 3582(c)(1), known as "compassionate release," (Doc. 432), and the Government's

opposition thereto, (Docs. 436, 441).

      On July 9, 2012, Defendant was sentenced principally to sixty months' imprisonment on

his conviction for narcotics conspiracy, and eighty-four months' imprisonment, to run

consecutively, for his conviction for use of a firearm in connection with a drug trafficking

offense.  (Doc. 145.)  These sentences were the mandatory minimums applicable to the offenses.

The parties agree that his projected release date is March 26, 2022, and presumably he will

transition to a Residential Reentry Center ("RRC"), or halfway house, in September 2021.

      Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18

U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action

and it is consistent with the relevant policy statements of the Sentencing Commission.  Policy

Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not

be a danger to the safety of any other person or the community.  Application Note 1 to Policy

Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the

defendant has a terminal medical condition or because of serious health condition from which he

is not expected to recover is substantially diminished in his ability to provide self-care; 2) the

defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is

experiencing a serious deterioration in health because of the aging process; 3) family

circumstances; and 4) an extraordinary and compelling reason other than or in combination with

one of the above.[1]  "The defendant has the burden to show he is entitled to a sentence reduction"

under Section 3582(c)(1)(A).  *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y.

2020).

      Defendant is 30 years old and morbidly obese, with a body  mass index exceeding 45.

His severe obesity, according to the Centers for Disease Control ("CDC"), puts him at increased

risk for a severe case should he contract COVID-19.  Defendant is housed at FCI Allenwood

Medium, which has experienced an outbreak of COVID-19.[2]  The Government concedes that

Defendant's circumstances present an  "extraordinary and compelling reason" within the

meaning of 18 U.S.C. § 3582(c)(1)(A), and I agree that Defendant's medical conditions,

combined with his confinement at a facility where the virus is present and social distancing is

not possible, meet that standard.

---

[1]Section 1(D) of the Application Note states: "Other Reasons – As determined by the Director of the Bureau of Prisons [("BOP")], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the [other three reasons]."  But  "Application Note 1(D) does not apply to compassionate release motions brought directly to the court by a defendant," *United States v. Brooker*, 976 F.3d 228, 230 (2d Cir. 2020), so I am not constrained by the BOP's or the Application Note's interpretation of extraordinary and compelling circumstances, *see id.* at 237 ("Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion.").

[2]The Bureau of Prisons website reports that there are currently 104 positive inmates and 26 positive staff.

2

I must next consider the § 3553(a) factors. Defendant was a member of a violent gang that sold a lot of drugs and caused a lot of mayhem and violence on the streets of Yonkers. He did not personally aim a gun at anyone but he drove around co-conspirators who did. On the other hand, he was only fifteen when he became involved and twenty when he was arrested. His only priors were misdemeanors. It is of concern to the Court that Defendant's application for compassionate release was at best misleading when he stated that he "fortunately had the opportunity to participate in RDAP while incarcerated, and at this point all programs are halted,"[3] and "if he remains incarcerated, it is likely [he] will be deprived of the opportunity for programming and treatment for the remainder of his sentence." (Doc. 432 at 7.) The Government has provided documentation showing that Defendant was accepted into RDAP but declined to participate. (Doc. 436 Ex. 2 at 76-77.) So he would not have obtained drug treatment even if the program had not been halted. His apparent disinterest in addressing his drug use in prison is cause for concern, as is his apparent attempt to put one over on this Court. Further, he has not behaved well in prison; his disciplines include two for having a hazardous tool in 2019. This record is not a good sign. The main reason I am reluctant to grant Defendant's motion is that it would undermine prison discipline. Defendant and other prisoners need to understand that bad behavior in prison has costs.

Nevertheless, Defendant has only fifteen months left to serve on his twelve-year sentence, and he will go to a halfway house in nine months. In light of how close he is to release anyway, I do not think that it would be unjust, undermine respect for the law, introduce unwarranted sentencing disparity, or otherwise undermine the purposes of sentencing if, rather

---

[3]"RDAP" stands for Residential Drug Abuse Program.

3

than serving nine more months in prison, Defendant served those nine months under home incarceration, given the increased risks to his health presented by continued imprisonment. The conditions will be a cost, because Defendant will be confined to home except for medical reasons. So confined, Defendant is unlikely to pose a danger to the community. In short, the risks presented by his remaining incarcerated outweigh the § 3553(a) factors that would be served by requiring him to finish his term.

Accordingly, the motion is granted and the term of imprisonment on Count Two is reduced to time served. Assuming Defendant to be COVID-free, he shall be released forthwith, on the following conditions – which are special conditions of supervised release in addition to the conditions of supervised release already imposed:

1.      The defendant shall be subject to home incarceration, to be enforced by location monitoring technology determined at the discretion of Probation, at the residence approved by Probation until his originally scheduled Bureau of Prisons RRC release date, which I believe to be September 26, 2021. During the period of home incarceration, Defendant must remain at his approved residence except as necessary for medical treatment, which requires prior notice to and approval by the Probation Department unless it involves a true emergency. Thereafter, until his scheduled Bureau of Prisons release date of March 26, 2022, Defendant will be subject to home confinement, to be enforced by location monitoring technology determined at the discretion of Probation, at the residence approved by Probation. During the period of home confinement, he will be restricted to his residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the Probation Department.

2.      The defendant is to possess or have access to a phone that will allow video conferencing by the Probation Department.

3.      Defendant shall contact Supervisory U.S. Probation Officer Kevin Mulcahy (646-210-4075) upon his release.[4]

I am sticking my neck out for a prisoner who has not done anything to deserve leniency. I will regard it a serious violation of the trust I have placed in Defendant if he fails to abide by any of the previously imposed conditions of supervised release or any of the additional conditions set forth above, and I will not hesitate to return him to prison if his actions justify it. In other words, unless Defendant wants to go back to prison, he needs to comply strictly with every condition of supervised release and every instruction of his Probation Officer(s), and if he does not, he should not expect any patience, slack or leniency from me.

The Government is directed to supply a copy of this Order to the Bureau of Prisons and the Warden (or other appropriate official) at FCI Allenwood Medium.  The Clerk of Court is directed to send a copy of this Order to Joshua Jenkins, No. 65543-054, FCI Allenwood Medium, Federal Correctional Institution, P.O. Box 2000, White Deer, PA  17887.

Dated: December 24, 2020
          White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

---

[4]I am imposing the first condition to provide just punishment, avoid unwarranted disparities, recognize the seriousness of the offense and protect the public from further crimes. The second and third conditions are imposed to allow proper supervision by Probation.